UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAM WEINRAUCH,

          Plaintiff,

    v.

NEW YORK LIFE INSURANCE COMPANY,

          Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 18, 2013

12 Civ. 5010 (PAC) (FM)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

HONORABLE PAUL A. CROTTY, United States District Judge:

    In this action, Plaintiff William Weinrauch ("Weinrauch") asserts several state law claims against Defendant New York Life Insurance Company ("New York Life") relating to two insurance policies.  New York Life removed the action from New York State court, contending that the claims were governed by federal law.  Weinrauch then moved to remand the action.  On January 16, 2013, Magistrate Judge Frank Maas issued a Report and Recommendation ("R&R") that the action be remanded, but that Weinrauch's request for attorneys' fees and costs related to removal be denied.  (See ECF No. 31.)  For the reasons set forth below, the Court adopts Magistrate Judge Maas's R&R in its entirety.

## BACKGROUND

### A.    Factual Background and Procedural History

    The factual background of this dispute is set forth in the January 16, 2013 R&R, familiarity with which is assumed.  (R&R at 2–5.)  A brief summary will provide the relevant background.  On May 25, 2012, Weinrauch commenced this action in the Supreme Court of the State of New York.[1]  On June 25, 2012, New York Life removed the action to this Court on the theory that Weinrauch's claims were controlled by the Employee Retirement Income Security

---

[1] The introduction to the R&R incorrectly states that the New York State court action was commenced in May 2005.  (R&R at 1.)

Act ("ERISA"), 29 U.S.C. §§ 1001, et seq. (ECF No. 1.) The Court referred the matter to Magistrate Judge Frank Maas on July 26, 2012. (ECF No. 8.) On July 31, 2012, Weinrauch moved to remand the action to New York State court. (ECF No. 11.) Weinrauch argues that none of his state law claims relate to an ERISA plan and that the action was improperly removed.

   B.  **Magistrate Judge Maas's Report and Recommendation**

In the January 16, 2013 R&R, Magistrate Judge Maas recommended that Weinrauch's motion to remand be granted, but that Weinrauch's request for attorneys' fees and costs related to removal be denied. Magistrate Judge Maas determined that Weinrauch's state law claims regarding the policies at issue were not preempted by ERISA, and concluded that remand was proper. (R&R at 5–17.) Magistrate Judge Maas further concluded that attorneys' fees and costs were not warranted because the Second Circuit has routinely denied attorneys' fees to lawyers proceeding pro se and because, even if Weinrauch had retained counsel, there was no evidence that removal was objectively unreasonable or sought in bad faith. (Id. at 17–19.)

   D.  **Weinrauch's Objections**

On February 4, 2013, Weinrauch filed objections to the R&R. (ECF No. 32.) Weinrauch agrees with Magistrate Judge Maas's recommendation that ERISA does not control this case and that it should be remanded to New York State court. Weinrauch objects, however, to Magistrate Judge Maas's factual conclusions that Weinrauch was the original owner of the insurance policies at issue and that the policies were not converted to individual policies after he left his previous employment. Weinrauch also asserts that New York Life has made misrepresentations to the Court in these proceedings. Finally, Weinrauch objects to Magistrate Judge Maas's recommendation that the Court not grant attorneys' fees and costs.

**DISCUSSION**

**I.     STANDARD OF REVIEW**

The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court may adopt those portions of the R&R to which no timely objection has been made, so long as there is no clear error on the face of the record. Wilds v. United Parcel Serv., Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). The Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); see 28 U.S.C. § 636(b)(1). Generally, pro se litigants are accorded leniency when making objections. Carling v. Peters, No. 10 Civ. 4573 (PAE), 2013 WL 865842, at *2 (S.D.N.Y. Mar. 8, 2013). The pro se litigant here is a lawyer, however, so the Court may accord less leniency to his objections. Id. (citing Tracy v. Freshwater, 623 F.3d 90, 102 (2d Cir. 2010)).

Weinrauch's objections were dated and received on February 4, 2013, more than fourteen days after the January 16, 2013 R&R was filed. Nonetheless, the Court will consider the objections, as if timely filed.

**II.    WEINRAUCH'S OBJECTIONS TO FACTUAL CONCLUSIONS**

As noted, Weinrauch agrees with Magistrate Judge Maas's recommendation that ERISA does not control this action, and that this matter be remanded to New York State court. Rather, Weinrauch objects to Magistrate Judge Maas's finding that Weinrauch was the original owner of the policies at issue, and submits several new documents in support of his contention that his former employer was the original owner of the policies.[2] Yet, even if the Court were to consider these documents over New York Life's evidentiary objections (see ECF No. 35 at 3), these

---

[2] Contrary to New York Life's contention, Weinrauch was allowed to submit additional evidence not presented to Magistrate Judge Maas. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

materials would not alter the Court's conclusion that Magistrate Judge Maas's determination was correct. After conducting its own review of the record, the Court agrees with Magistrate Judge Maas's careful consideration of the evidence and his determination of the original ownership of the policies, for the reasons set forth in the R&R.[3]

Weinrauch also objects to Magistrate Judge Maas's statement that "[a]lthough Weinrauch contends that his policies were converted to individual policies shortly after he left [his former employer], it is clear that he is wrong." (R&R at 12.) Weinrauch rehashes his previous arguments to Magistrate Judge Mass; indeed, the majority of his objection is verbatim quotation from his previous submissions. Accordingly, the Court need only review Magistrate Judge Maas's determination for clear error. See DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009). The Court finds no clear error with this determination.

Weinrauch's assertions that New York Life made willful misrepresentations in its submissions in this action are not proper objections to any portion of the R&R. These protestations are nothing more than disagreements with New York Life's arguments and its interpretation of the evidence. Accordingly, the Court declines to take any action with respect to these assertions.

The Court finds no clear error with the remainder of Magistrate Judge Maas's reasoning and conclusions with regard to the Court's subject matter jurisdiction and remand (to which no objections were filed), and adopts those portions of the R&R.

---

[3] The Court also notes that, to the extent it is relevant, this conclusion will likely have no collateral estoppel effect in the state court proceedings. See MediSys Health Network, Inc. v. Local 348–S, 337 F.3d 119, 124 (2d Cir. 2003) ("Under contemporary principles of collateral estoppel, the unavailability of appellate review of remand orders under [28 U.S.C.] § 1447(d) strongly militates against giving a judgment preclusive effect, and thus any issues that the district court decided incident to remand may be relitigated in state court." (internal quotation marks and citation omitted)).

## III. WEINRAUCH'S REQUEST FOR ATTORNEYS' FEES AND COSTS

Finally, Weinrauch objects to Magistrate Judge Maas's conclusion that attorneys' fees and costs are not warranted in this matter. Weinrauch contends that New York Life engaged in a series of willful misrepresentations to the Court in order to justify removal, constituting the "unusual circumstances" that may justify the award of attorneys' fees. See Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Notwithstanding Weinrauch's rhetoric, the substance of his position is mere disagreement with New York Life's arguments and what the evidence purportedly shows. The Court agrees with Magistrate Judge Maas that New York Life had an objectively reasonable basis for seeking removal and that the award of attorneys' fees in this matter is unwarranted.

## CONCLUSION

For the foregoing reasons, the Court adopts Magistrate Judge Maas's Report and Recommendation in full. Plaintiff's motion to remand this action to the Supreme Court of the State of New York is GRANTED and his request for attorneys' fees and costs is DENIED. The Clerk of Court is directed to effectuate remand, terminate the motion at docket number 11, and close this case.

Dated: New York, New York
       March 18, 2013

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

Copy mailed by chambers to:
Mr. William Weinrauch
2 Tudor City Place
Apt. 2BS
New York, NY 10017